### MAHON v. RACHLEFF.
#### No. 59-3004-E.

Circuit Court, Duval County.

December 17, 1959.

Hans G. Taenzler, Jr., Jacksonville, for plaintiff.

Arthur J. Gutman, Jacksonville, for defendant.

WILLIAM H. MANESS, Circuit Judge.

This cause came on for final hearing before this court upon plaintiff's petition for a declaratory decree in which the relief sought is an adjudication and declaration that 26 magazines or periodicals offered for sale and sold by defendant are in fact "obscene" within the provisions of chapter 847, Laws of Florida, as amended by the 1959 legislature. The jurisdiction of this court to entertain such an action and make such a declaration is specifically authorized by

said chapter and chapter 87 of the Laws of Florida, which laws operate to make the judge the "trier of the facts" without the benefit of a jury.

The law of this case, and the legal principles which this court (sitting as judge and jury) must apply to the facts which it finds from the evidence, were set forth in this court's order of November 24, 1959. Relying principally on Roth v. United States, 77 S. Ct. 1304, 354 U.S. 476, this court has applied the test there defined, to-wit —

". . . whether to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to the prurient interest. . . ."

This court is also bound to apply as the law of the case the principle that neither sex nor nudity are synonymous with obscenity, and that materials which are considered trash and disgusting to a particular group, or even to this court, may not be "obscene" within the narrowly defined category of materials which are denied the protection of the first and fifth amendments of the constitution of the United States.

Applying these principles separately to each of the 26 magazines filed in evidence as plaintiff's exhibits numbered 1 thru 26, and the test as to their effect on the mythical so-called "average person" in the community, sensitive to contemporary community standards (as determined by the trier of the fact), this court finds — five periodicals to be in the category of "art", in which the portrayal of nudes is not obscene; one periodical which many would describe as "trash", but which falls short of being obscene; and twenty periodicals which are in fact obscene.

In view of these findings of fact, the defendant's motion for a directed verdict, made at the close of plaintiff's case and renewed after announcing that defendant would present no testimony (and only one exhibit), is made moot as to six periodicals, and as to the remaining twenty, said motion should be, and is hereby, denied.

Accordingly, it is ordered, adjudged and decreed as follows —

That the periodical or magazine entitled *Shape*, the artist and photographer's guide #3, published by Art Enterprises, Hollywood, California (plaintiff's exhibit no. 1), is hereby found and declared to be obscene.

That the periodical or magazine entitled *Black Silk Stockings*, #8, published by Valley Publications, Inc., Studio City, California (plaintiff's exhibit no. 2), is hereby found and declared to be obscene.

138

That the periodical or magazine entitled *Spree,* Volume 1, #11, New Publishing Company, Inc., Los Angeles, California (plaintiff's exhibit no. 3), is hereby found and declared to be obscene.

That the periodical or magazine entitled *Mermaid,* the magazine for adults, volume 1, #9 (plaintiff's exhibit no. 4), is hereby found and declared to be obscene.

That the periodical or magazine entitled *Sizzle,* volume 1, #2 (plaintiff's exhibit no. 5), is hereby found and declared to be obscene.

That the periodical or magazine entitled *Harem,* the magazine for shieks, #1, formerly Lark Magazine (plaintiff's exhibit no. 6), is hereby found and declared to be obscene.

That the periodical or magazine entitled *Tonight,* #1, published by Studio Publications, Inc., Studio City, California (plaintiff's exhibit no. 7), is hereby found and declared to be obscene.

That the periodical or magazine entitled *The Uninhibited Flame,* volume 1, published by Capitol Zee Zee, New York, New York (plaintiff's exhibit no. 8), is hereby found and declared to be obscene.

That the periodical or magazine entitled *Venus,* a magazine for adults, ASN volume 1, #9 (plaintiff's exhibit no. 9), is hereby found and declared to be obscene.

That the periodical or magazine entitled *Cloud Nine,* #2, G. W., published by Valley Publishers, Inc., Studio City, California (plaintiff's exhibit no. 10), is hereby found and declared to be obscene.

That the periodical or magazine entitled *The New Sir Knight,* volume 1, #9 (plaintiff's exhibit no. 11), is hereby found and declared to be obscene.

That the periodical or magazine entitled *Spree Annual,* #1, published by New Publishing Company, Inc., Los Angeles, California (plaintiff's exhibit no. 12), is hereby found and declared to be obscene.

That the periodical or magazine entitled *Revels,* art studies of America's most beautiful girls #3 (plaintiff's exhibit no. 13), is hereby found and declared to be obscene.

That the periodical or magazine entitled *Mermaid Giant Summer Annual,* the magazine for adults, published by Vee & Em, Inc., New York, New York (plaintiff's exhibit no. 14), is hereby found and declared to be obscene.

That the periodical or magazine entitled *"21"*, September 1959 (plaintiff's exhibit no. 15), is hereby found and declared to be obscene.

That the periodical or magazine entitled *Knaves,* adult fun for men, September 1959 (plaintiff's exhibit no. 16), is hereby found and declared to be obscene.

That the periodical or magazine entitled *Wolf Bait,* #1, published by Zee Zee, New York, New York (plaintiff's exhibit no. 17), is hereby found and declared to be obscene.

That the periodical or magazine entitled *Exotic Adventures,* volume 1, #4, ASN (plaintiff's exhibit no. 18), is hereby found and declared to be not obscene.

That the periodical or magazine entitled *Figure File,* for artists, #6 (plaintiff's exhibit no. 19), is hereby found and declared to be not obscene.

That the periodical or magazine entitled *Figurette,* figure file for artists, #11 (plaintiff's exhibit no. 20), is hereby found and declared to be not obscene.

That the periodical or magazine entitled *Modelette Annual,* Modelette #10, Annual #1 (plaintiff's exhibit no. 21), is hereby found and declared to be not obscene.

That the periodical or magazine entitled *Modelette,* model studies for artists #12 (plaintiff's exhibit no. 22), is hereby found and declared to be not obscene.

That the periodical or magazine entitled *Figure Art,* Autumn, volume 15, #1 (plaintiff's exhibit no. 23), is hereby found and declared to be not obscene.

That the periodical or magazine entitled *Plush,* living for men, September 1959 (plaintiff's exhibit no. 24), is hereby found and declared to be obscene.

That the periodical or magazine entitled *Feminine Form,* #9, published by Monogram Publications, Inc., Inglewood, California (plaintiff's exhibit no. 25), is hereby found and declared to be obscene.

That the periodical or magazine entitled *Modern Man,* the adult picture magazine, August 1959 (plaintiff's exhibit no. 26), is hereby found and declared to be obscene.